UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) NO. 2:16CR179-PPS |
| ANASTASIA VANN MACLIN, | ) |
| Defendant. | ) |

# OPINION AND ORDER

On December 13, 2017, a jury found Anastacia Vann Maclin guilty of two counts of embezzlement or theft in connection with health care in violation of 18 U.S.C. §669. During the trial, over a defense objection, I permitted the government to admit evidence of Maclin's federal income tax returns, which were offered to show that the Medicaid payments Maclin took in the course of her work as a medical biller and office manager were not reported as income. As promised, this opinion more fully explains my analysis of the admissibility of the evidence. The government wanted the tax return evidence for at least two reasons. The first was to rebut Maclin's defense that her agreed compensation was a percentage of the doctor's accounts receivable, including Medicaid payments. The second was to suggest that the omission of the payments from Maclin's tax returns reflected Maclin's awareness that her conduct was unlawful.

I had set a November 30 deadline for the filing of any notice of the intent to use evidence under Fed.R.Evid. 404(b), and the government filed none. The issue of the admissibility of the tax returns was raised by the government in its pretrial

Supplemental Motion in Limine filed on December 4, 2017. Maclin did not file any memorandum responding to or opposing the government's motion. On the first day of trial, when I addressed the motions in limine on the record, Maclin's counsel expressly indicated he had no objection to the government's motion. Nonetheless, as the trial progressed, defendant raised an objection to the prosecution's intended use of the tax returns as violating Rule 404(b). Maclin did not challenge the evidence on the basis of the prosecution's failure to disclose their intent to use the evidence by the deadline for 404(b) notices. I did not reject the evidence on the basis of an untimely 404(b) notice because Maclin did not make such an argument, and because Maclin had ample pretrial notice of the government's intent to use the evidence but herself failed to timely respond with her opposition in writing by the deadline I had set for responses to motions in limine.

Turning to the merits, the prosecution's motion in limine did not reference Rule 404(b). Instead the motion cited a 1990 Seventh Circuit opinion in support of the proposition that "evidence that a defendant failed to account for income on tax returns is admissible to establish that he or she lacked a legitimate source of income, or that the reason for not accounting for the income was because the defendant was participating in illegal activity." [DE 53 at 1-2, citing *United States v. Briscoe*, 896 F.2d 1476, 1500 (7th Cir. 1990).] *Briscoe* involved a heroin distribution conspiracy, and analyzed the tax return evidence under Rule 404(b). The Court of Appeals noted that: "[i]t is well settled that in narcotics prosecutions, a defendant's...failure to file tax returns" is

2

"relevant to establish that the defendant lacked a legitimate source of income and that, in all probability, the reason for the failure to report this income is due to the defendant's participation in illegal activities." *Id*. at 1500. In terms of 404(b) analysis, the court found the tax return evidence probative of the defendant's "knowledge and intent concerning his illicit narcotics trafficking activities." *Id*. A failure to report proceeds from illegality on tax returns has frequently been found admissible in this circuit, either as intricately related to the charged conduct or as 404(b) evidence. *United States v. Mendoza*, 382 Fed.Appx. 507, 511 (7th Cir. 2010); *United States v. Ryan*, 213 F.3d 347, 350 (7th Cir. 2000); *United States v. Wilson*, 715 F.2d 1164, 1171 (7th Cir.), *cert. denied*, 464 U.S. 986 (1983).

When the issue was raised at trial, the government articulated its position that the tax returns constituted direct evidence under Rule 401 — specifically that the failure to report the income was evidence of motive — and that the tax returns were not being offered as evidence of propensity. I frankly find "motive" a puzzling assertion of purpose in this context. How does failing to disclose the stolen money on the tax return demonstrate a motive for stealing the money? As I indicated on the record at trial, I conclude that the tax return evidence is appropriately analyzed under Rule 404(b) but find that it was properly admitted for the non-propensity purposes of intent and knowledge. More specifically, Maclin's failure to report the money as taxable income supports an inference that she had unlawful intent in taking the money, and that she did so with knowledge of its illegality. The charges in this case are of a specific intent

offense, to which evidence of such knowledge and willfulness are not only relevant but necessary elements, as the jury instructions reflected.

Besides concluding that the tax return evidence was relevant for purposes permissible under Rule 404(b), I also considered whether Rule 403 nonetheless required exclusion of the evidence. The probative value of the evidence to issues of Maclin's unlawful intent in taking the Medicaid payments and her knowledge that the conduct was illegal was not substantially outweighed by any danger of unfair prejudice, particularly given that the government made no argument or suggestion about the commission of tax fraud. The evidence of the tax returns was brief and appropriately tailored, and involved no confusion of issues, waste of time, or presentation of cumulative evidence. Rule 403 did not require exclusion of the evidence despite its probative value.

Having come to the conclusion that the tax return evidence was admissible under 404(b), I explained my analysis briefly for the record and inquired of the defense during trial whether a limiting jury instruction was being requested. The court walks a bit of a tightrope in formulating appropriate jury instructions in this context, given the tension in Circuit precedent applicable to that task. On one hand, cases like *United States v. Lawson*, 776 F.3d 519, 521 (7th Cir. 2015), require 404(b) instructions to provide "concrete advice about what sort of inferences are proper or improper." On the other hand, *United States vs. Gomez*, 263 F.3d 845 (7th Cir. 2014) (en banc), while highlighting that "the limiting instruction should be customized to the case rather than boilerplate,"

4

also warns that a defendant may choose to go without a limiting instruction "to avoid highlighting the evidence." *Id*. at 860. After hearing the government's representation that it did not intend to argue to the jury that Maclin committed tax fraud, the defense did not request a 404(b) instruction be given during the trial as the tax return evidence was admitted.

Nonetheless, at the conclusion of the trial, I proposed a jury instruction addressing the tax return evidence and expressly limiting its consideration only to the issue "whether defendant knowingly, intentionally and willfully embezzled, stole or converted to her own use moneys belonging to a health care plan or provider." Court's Proposed Instruction No. 13. I felt that the limiting instruction was appropriately specific and tailored to the facts of the case, and when given with all the other final instructions conveyed the proper limitations on the purpose of the evidence without unduly highlighting the evidence or the negative inferences that could be made from it. Neither party objected to the instruction, and it was given.

ACCORDINGLY:

For the reasons explained herein, the government's Supplemental Motion in Limine concerning defendant's tax records [DE #53] is GRANTED.

SO ORDERED.

ENTERED: December 18, 2017.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT