UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:16CR179-PPS |
| | ) | |
| ANASTASIA VANN MACLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On December 13, 2017, Anastacia Vann Maclin was found guilty of two counts of embezzlement or theft in connection with health care in violation of 18 U.S.C. §669. Maclin has timely filed a motion for new trial under Fed.R.Crim.P. 33. Rule 33 authorizes me to "vacate any judgment and grant a new trial if the interest of justice so requires." Maclin's sole contention in support of her motion is that the jury was unfairly prejudiced against her based on a passing reference during jury selection adverting to the victim Dr. Khan's autistic child.

A bit of background – Maclin's Second Motion in Limine asked for the exclusion at trial of references to Dr. Khan's special needs child, contending that the "information could generate sympathy for the alleged victim and would be prejudicial to the accused." [DE 47.] In its written response, the government defended the relevance of Dr. Khan having a child with a serious medical condition "demand[ing] a significant portion of the victim's time and attention" and necessitating that employees "periodically work with the victim in her home rather than the office." [DE 54 at 1-2.]

The first morning of trial I conditionally granted Maclin's motion, directing that the government's witnesses "sanitize" the nature of Dr. Khan's difficult family circumstance without drawing particular attention to the child's health issues.

During jury selection, when I inquired about familiarity with any potential witnesses, one member of the venire responded that she knew Dr. Kahn in a professional capacity. An employee of the planning and building department of a municipal government, the juror indicated that she had worked with Dr. Khan concerning changes made to her "home for autism."[1] The parties agreed to strike the juror for cause based on her acquaintance with Dr. Kahn, and the juror did not serve on the petit jury. Defense counsel moved for a mistrial based on the reference, and I denied it, but offered to give a curative instruction, which Maclin declined.

The applicable standard under Rule 33 requires a new trial "only if there is a reasonable possibility that the trial error had a prejudicial effect on the jury's verdict." *United States v. Flournoy*, 842 F.3d 524, 530 (7th Cir. 2016). In her motion, Maclin mischaracterizes the venire member's remarks as indicating that "she knew Dr. Khan because Dr. Khan's child went to an autistic program and/or had a special needs child at home." [DE 70 at 1.] I am certain that the juror's statement was not that direct or detailed. Instead, in the context of discussing planning and building permits, the juror merely made a passing reference to Dr. Kahn having a "home for autism." That was the

---

[1] Maclin has not provided a transcript of the jury selection in support of her motion. I describe the record based on my own notes and recollection of the proceedings.

2

entirety of the comment alluding -- and only very obliquely -- to the presence of a person with autism in Dr. Khan's home. The context might just as well have suggested that the doctor was developing a property for the treatment of patients with autism.

Furthermore, at that point in jury selection, the jurors were not yet aware that Dr. Kahn was the alleged victim of one of Maclin's offenses. Dr. Kahn's name was merely one in a list of names identified only as potential witnesses in the case. It's also worth noting that the juror's reference to autism was not invoked by the government. Given all these circumstances, the fleeting remark, with little in the way of context or explanation, could not possibly have had created such sympathy for Dr. Kahn as to have a prejudicial effect on the jury's verdict finding Maclin guilty. I readily conclude that the occurrence did not affect Maclin's substantial rights, did not affect the fairness of the proceedings, and could not possibly have affected the outcome of the trial.

ACCORDINGLY:

Defendant's motion for a new trial [DE 70] is DENIED.

SO ORDERED.

ENTERED: December 19, 2017.

                                             /s/ Philip P. Simon
                                             PHILIP P. SIMON, JUDGE
                                             UNITED STATES DISTRICT COURT